# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

FREDRICK BRUCE KNUTSON,                )
an individual,                          )
                                        )
                    Plaintiff,          )
                                        )
vs.                                     )        Case No. CIV-14-606-M
                                        )
CITY OF OKLAHOMA CITY,                  )
a municipal corporation,                )
CHRISTOPHER SMITH, in his individual   )
and official capacity,                  )
CHARLES LOCKE, in his individual and    )
official capacity,                      )
                                        )
                    Defendants.         )

## ORDER

Before the Court is the Motion to Dismiss of Defendants Locke and Smith in Their Official Capacities, filed September 9, 2014. On September 30, 2014, plaintiff filed his response, and on October 6, 2014, defendants Charles Locke and Christopher Smith, in their official capacities, filed their reply.

On June 12, 2014, plaintiff filed the instant action against defendants, alleging several causes of action under federal and state law. Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendants Locke and Smith now move this Court to dismiss plaintiff's official capacity claims against them. Specifically, defendants Locke and Smith assert that they are not policymakers and cannot set policy for the City of Oklahoma City. Plaintiff, on the other hand, asserts that defendants Locke and Smith are policymakers.

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted).

Having carefully reviewed plaintiff's Complaint, the Court finds that plaintiff has failed to state a claim against defendants Locke and Smith, in their official capacities, that is plausible on its face. Specifically, the Court finds that plaintiff has set forth no allegations in his Complaint that defendant Locke and/or defendant Smith were authorized decisionmakers/policymakers or that their actions represent an act of official government policy. Further, the Court finds that plaintiff has not pled any factual allegations that would allow the Court to draw the reasonable inference that defendants Locke and Smith acted as authorized decisionmakers.

Accordingly, the Court GRANTS the Motion to Dismiss of Defendants Locke and Smith in Their Official Capacities [docket no. 10] and DISMISSES plaintiff's official capacity claims against defendants Christopher Smith and Charles Locke.

**IT IS SO ORDERED this 29th day of January, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE