# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FREDRICK BRUCE KNUTSON, an individual, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | )    Case No. CIV-14-606-M |
| CITY OF OKLAHOMA CITY, a municipal corporation, et al., | ) ) ) ) |
| Defendants. | ) |

## ORDER

     Before the Court is plaintiff's Motion to Compel Production of Unredacted Documents, filed October 14, 2016. On October 31, 2016, defendants filed their response, and on November 2, 2016, plaintiff filed his reply. Based upon the parties' submissions, the Court makes its determination.

     Defendant City of Oklahoma City ("City") has produced emails responsive to plaintiff's discovery requests that are heavily redacted based upon assertions of attorney-client privilege, work product, and deliberative process. City has failed to produce a privilege log for all of the redacted emails. Plaintiff moves this Court to issue an order, pursuant to Federal Rule of Civil Procedure 37(a)(3)(B)(iv), compelling City to produce documents that are not redacted or in the alternative for an in camera inspection of the particular documents. Plaintiff further moves the Court to order the City to provide a privilege log for documents withheld or redacted that are not produced without redaction.

     Plaintiff asserts that despite the heavy redaction of the emails, it is clear that the information that is redacted is relevant to the claims plaintiff has asserted in his Complaint. Plaintiff further

asserts that it is clear that City is relying upon the advice of counsel as a defense in this action[1] and has, therefore, waived the work product and attorney-client privilege based upon this advice of counsel defense. Additionally, plaintiff contends that he has been denied access to unredacted emails involving municipal counselors concerning issues relevant to the advice provided and distributed that relate to the case at bar. Without access to these unredacted emails, plaintiff contends he is prohibited from examining the truth, accuracy, and details of the advice provided by the municipal counselors and that withholding the information places plaintiff at a severe disadvantage and City is thereby allowed to use advice of counsel as both a shield and a sword. Plaintiff, therefore, contends that City has waived the work product and attorney-client privilege by putting the correspondence between municipal counselors and other City personnel directly at issue in this case and, as a result, the unredacted communications should be produced.

Defendants assert that unlimited disclosure of the materials sought by plaintiff is inappropriate. Defendants further assert that email correspondence within the Municipal Counselor's Office, dating back to 2005 and in the years subsequent to the prosecution of plaintiff, is not relevant and is clearly privileged. Specifically, defendants contend that plaintiff seeks documents and testimony protected by the work product doctrine and by the attorney-client privilege. Defendants further contend that the attorney-client privilege and work product doctrine have not been waived. Defendants assert that the filing of this action and/or the fact that the individual defendants may assert that they relied on the advice of legal counsel does not waive any privileges or grant plaintiff unlimited access to the communications of the Municipal Counselor's

---

[1]In their response, defendants concede that the individual defendants have asserted qualified immunity based upon advice of legal counsel.

Office, particularly given that these communications are also protected under the work product doctrine and/or deliberative process privilege.

> Courts generally apply one of three approaches to determine whether a litigant has waived the attorney-client privilege:
>> The *first* of these general approaches is the "automatic waiver" rule, which provides that a litigant automatically waives the privilege upon assertion of a claim, counterclaim, or affirmative defense that raises as an issue a matter to which otherwise privileged material is relevant. The *second* set of generalized approaches provides that the privilege is waived only when the material to be discovered is both relevant to the issues raised in the case and either vital or necessary to the opposing party's defense of the case. *Finally*, several courts have recently concluded that a litigant waives the attorney-client privilege if, and only if, the litigant directly puts the attorney's advice at issue in the litigation.

*Seneca Ins. Co., Inc. v. W. Claims, Inc.*, 774 F.3d 1272, 1275-76 (10th Cir. 2014) (internal citations omitted) (emphasis in original). Further, under the second approach,

> "at-issue" waiver requires –
> (1) assertion of the privilege was the result of some affirmative act, such as filing suit, by the asserting party;
> (2) through this affirmative act, the asserting party put the protected information at issue by making it relevant to the case; *and*
> (3) application of the privilege would have denied the opposing party access to information vital to [its] defense.

*Id.* at 1276 (internal citations omitted) (emphasis in original).

Additionally, in relation to an assertion of qualified immunity based upon the advice of legal counsel, the Tenth Circuit has found:

> Whether reliance upon legal advice bars our imputation to [the defendant] of constructive knowledge concerning the laws allegedly violated by his conduct, depends upon the circumstances of each case. Relevant factors include how unequivocal, and specifically tailored to the particular facts giving rise to the controversy, the

3

> advice was, whether complete information had been provided to the advising attorney(s), the prominence and competence of the attorney(s), and how soon after the advice was received the disputed action was taken.

*V-1 Oil Co. v. State of Wyo., Dep't of Envtl. Quality*, 902 F.2d 1482, 1489 (10th Cir. 1990) (internal quotations and citations omitted).

Having carefully reviewed the parties' submissions, the Court finds that based upon the individual defendants' affirmative assertion of qualified immunity based upon advice of legal counsel, defendants have waived the work product and attorney-client privilege as to those emails relating to said assertion of qualified immunity. Specifically, the Court finds that the individual defendants affirmatively put the advice of legal counsel – the communications to which defendants are asserting the work product and attorney-client privilege – "at issue" by asserting qualified immunity based upon advice of legal counsel. Further, in light of the relevant factors set forth by the Tenth Circuit relating to this qualified immunity defense, the Court finds that by asserting qualified immunity based upon advice of legal counsel, the individual defendants have made the subject emails relevant to this case and application of the work product doctrine and attorney-client privilege as to these emails would deny plaintiff access to the most vital and relevant information needed to defend the individual defendants' assertion of qualified immunity. Finally, the Court finds that allowing the individual defendants to rely on advice of legal counsel to establish qualified immunity while excluding the contents of that advice would violate the well-established principle that neither the attorney-client privilege nor the work product doctrine can be used both as a sword and a shield.

Additionally, having reviewed the parties' submissions, the Court finds that it appears that the only emails that would relate to the qualified immunity defense being asserted are those emails

in 2012 relating to the factors set forth by the Tenth Circuit. Further, it is unclear at this juncture whether defendants have waived their privilege as to any emails outside of the 2012 time period.[2] Defendants have not submitted a privilege log in relation to any redacted emails other than those from the 2012 time period, and plaintiff requests defendants be required to submit a privilege log.

Federal Rule of Civil Procedure 26(b)(5)(A) provides:

> **(A)** *Information Withheld*. When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
> **(i)** expressly make the claim; and
> **(ii)** describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5)(A). In light of the above requirement, the Court finds that defendants should be required to submit a privilege log as to any redacted emails that have been produced to plaintiff.[3]

Accordingly, the Court GRANTS plaintiff's Motion to Compel Production of Unredacted Documents [docket no. 30] as follows:

---

[2]In their response, defendants contend that any emails dating back to 2005 and in the years subsequent to the prosecution of plaintiff are not relevant. Defendants, however, produced redacted copies of emails within this time period to plaintiff. In light of defendants' production of these emails, the Court finds that defendants have waived any argument that these emails are not discoverable.

[3]Once defendants have submitted a privilege log to plaintiff, plaintiff should be able to determine whether he believes defendants have waived their privilege as to any of these emails. Plaintiff may file a new motion to compel at that time, if necessary.

(1) The Court ORDERS defendants to produce to plaintiff unredacted copies of all emails relating to the assertion of qualified immunity based upon advice of counsel and the relevant factors set forth by the Tenth Circuit; said unredacted copies shall be provided to plaintiff by December 19, 2016; and

(2) The Court ORDERS defendants to produce to plaintiff a privilege log as to any redacted emails that have been produced to plaintiff; said privilege log shall be provided to plaintiff by December 28, 2016.

**IT IS SO ORDERED this 7th day of December, 2016.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE